IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CV-34-FL

| | |
|---|---|
| TASHA STOKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 17, 21). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court rejects the M&R, grants plaintiff's motion, denies defendant's motion, and remands to defendant for further proceedings.

## BACKGROUND

On May 7, 2013, plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning August 15, 2009. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held May 21, 2015, denied plaintiff's claims by decision entered June 25, 2015. Following the ALJ's denial of her applications, plaintiff timely filed a request for review before the Appeals Council. The Appeals Council denied plaintiff's

request, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed this action seeking judicial review.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). "[R]emand is appropriate where an ALJ fails to discuss relevant

evidence that weighs against his decision." Ivey v. Barnhart, 393 F.Supp.2d 387, 390 (E.D.N.C. 2005) (citing Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since August 15, 2009. At step two, the ALJ found that plaintiff had the following severe impairments: lumbar degenerative disc disease, status post fusion, and left foot drop. At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following restrictions: sit/stand option at one hour intervals; use of a cane; never climb ladders; occasional climb stairs, balance, stoop, crouch, or crawl; no concentrated exposure to hazards such as moving machinery or unprotected heights; and further limited to unskilled work.

At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ determined that jobs exist in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.     Analysis

Plaintiff argues the ALJ failed to consider evidence that may be probative of compromise of a nerve root and/or nerve root compression in determining that plaintiff's conditions do not meet or medically equal Listing 1.04A. See 20 C.F.R. Part 404, Subpart P, App'x 1, 1.04A ("Listing

1.04A"). Upon de novo review of plaintiff's objections, the court agrees that remand is required for this reason.

The regulations provide a "Listing of Impairments," organized by major body systems, that are deemed sufficiently severe to prevent a person from engaging in any gainful activity, regardless of age, education, or work experience. See 20 C.F.R. §§ 404.1525(a); 416.925(a). Each impairment is defined by medical signs, symptoms, or test results. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). If a claimant's impairments meet or equal the medical criteria of a listing, the claimant is considered disabled. 20 C.F.R. §§ 404.1520(d); 416.920(d). The burden of proof is on the claimant to demonstrate satisfaction of all specified medical criteria. Sullivan, 493 U.S. at 530. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id.

Listing 1.04A applies to disorders of the spine. 20 C.F.R. Part 404, Subpart P, App'x 1, § 1.04A. The listing specifically notes conditions such as "spinal stenosis" and "degenerative disc disease." Id. A claimant is entitled to a conclusive presumption of disability upon a showing that this disorder results in "compromise of a nerve root . . . or the spinal cord." Radford, 734 F.3d at 291 (citing 20 C.F.R. Part 404, Subpart P, App'x 1, § 1.04A). The listing further describes the criteria a claimant must meet or equal to merit this conclusive presumption of disability:

> evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

Radford, 734 F.3d at 291 (quoting 20 C.F.R. Part 404, Subpart P, App'x 1, § 1.04A). Listing 1.04A "requires a claimant to show only . . . that each of the symptoms are present, and that the claimant

has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months." Radford, 734 F.3d at 294.

In Radford, the Fourth Circuit found insufficient an ALJ's explanation as to why the claimant did not meet Listing 1.04A. 734 F.3d at 290. There, the only basis that the ALJ provided for concluding that claimant did not meet the applicable listing was a statement that the ALJ had " 'considered, in particular,' the listing[ ] . . . and had noted that state medical examiners had also 'concluded after reviewing the evidence that no listing [was] met or equaled.' " Id. at 292. The court found the ALJ's decision "devoid of reasoning," noting that "[a] full explanation by the ALJ is particularly important in this case because [the claimant's] medical record includes a fair amount of evidence supportive of his claim" and further noting that "there is probative evidence strongly suggesting that [the claimant] meets or equals Listing 1.04A." Id. at 295. Because the ALJ's analysis of Listing 1.04A was insufficient, the court found it "impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." Id.

In this case, the ALJ's explanation as to why plaintiff did not meet Listing 1.04A was insufficient. The ALJ acknowledged that plaintiff suffered from lumbar degenerative disc disease, (Tr. 29), but found that the evidence shows that plaintiff's spinal disorder does not involve compromise of a nerve root or the spinal cord. In support of this conclusion, the ALJ cites a June 7, 2011 assessment by Dr. Eric Laxer ("Laxer"), wherein Laxer notes a broken right S1 screw but no other problems visible on x-rays. (Tr. 368). The ALJ notes also that a January 2015 CT scan showed grade I anterolisthesis of L5 on S1, surgical changes with posterior hardware and fusion, and no significant protrusions or stenosis. (Tr. 29 (citing Tr. 544)).

6

However, the administrative record includes also discussion by Dr. Kenneth Wolfson ("Wolfson") of an August 30, 2010 MRI. (Tr. 459–60). Wolfson concluded that the MRI showed "[t]here is significant flattening of the thecal sac at the L5-S1 level from spondylolisthesis and broad disc protrusion although a decompression laminectomy has been performed." (Tr. 460). On January 14, 2011, plaintiff complained of persistent low back pain and right foot weakness, and a physical examination showed limited flexion of the lumbar spine, positive straight leg raise, diminished patellar and Achilles jerks on the right compared to the left, notable dorsiflexion in the right foot, and right foot drop. (Tr. 333–34). Following another physical exam conducted March 8, 2011, Laxer concluded that plaintiff exhibited weakness in the left foot that shows chronic changes affecting the left L4-L5 and S1 nerve roots. (Tr. 370). In sum, although the record contains no specific diagnosis of "nerve root compression" expressed in those terms, the foregoing evidence is germane to existence of "flattening" of the thecal sac, neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss, sensory reflex loss, and presence of a positive straight leg raise. See Listing 1.04A.

Nothing indicates whether the ALJ considered any of the foregoing evidence. On these facts, where there exists "a fair amount of evidence[,]" Radford, 734 F.3d at 295, that plaintiff exhibited the symptoms which Listing 1.04A associates in its text with nerve root compression, and where the ALJ did not discuss whether "flattening" of the thecal sac, as that term appears in the administrative record, is synonymous with or may imply "nerve root compression," as that term is used in Listing 1.04A, the "ALJ fails to discuss relevant evidence that weighs against his decision[,]" Ivey, 393 F.Supp.2d at 390, and fails to describe expressly what reasoning led to conclusion that such evidence does not require a finding that plaintiff suffered a compromised nerve root and nerve root

7

compression characterized by the relevant symptoms. See Monroe, 826 F.3d at 189. These gaps in the ALJ's reasoning require remand for further consideration. See id.

Defendant argues that any conclusion regarding existence of nerve root compression grounded in Wolfson's August 30, 2010, evaluation is speculative where Wolfson's evaluation "fails to confirm" the presence of nerve root compression characterized by symptoms noted in Listing 1.04A. (Def.'s Br., DE 22 at 5). This argument fails, however, because remand is required by virtue of the ALJ's failure to consider this evidence and to explain the reasons for any conclusions that may follow therefrom. See Radford, 734 F.3d at 295. Therefore, defendant's argument in address of persuasiveness of plaintiff's evidence on the merits is inapposite at this juncture.

Defendant argues further that, notwithstanding any other errors in the ALJ's decision, plaintiff cannot prevail under Listing 1.04A because the administrative record contains no evidence that any straight leg raise test was performed in both the sitting and supine positions, as Listing 1.04A requires. However, as another judge in this district reasoned, where an examiner performs a straight-leg raise test, it must be performed in some position. Newkirk v. Berryhill, No. 7:15-cv-273-BO, 2017 WL 1102615, at *2 (E.D.N.C. Mar 22, 2017). Therefore, if the ALJ was presented with insufficient information to determine whether a straight leg raise test was performed in both the sitting and supine positions, the ALJ was required to "try to resolve the . . . insufficiency by" recontacting a medical source, requesting additional existing evidence, requesting that plaintiff undergo a consultative examination, or asking plaintiff for more information." 20 C.F.R. § 404.1520b(b)(2). Moreover, where the ALJ did not identify as a basis for denying plaintiff's claims any deficiencies in plaintiff's straight leg raise test results, the court cannot affirm defendant's decision on that ground. See Motor Vehicle Mfrs. Ass'n. of U.S., Inc. v. State Farm Mut. Auto. Ins.

Co., 463 U.S. 29, 50 (1983) ("[C]ourts may not accept appellate counsel's post hoc rationalizations for agency action. It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.") (citations omitted); Brown v. Colvin, 639 F. Appx. 921, 923 (4th Cir. 2016) ("[W]e do not accept [plaintiff's] and the Commissioner's invitations to review the medical record de novo to discover facts to support or refute the ALJ's finding at Step Three, and it was error for the district court to do so. Instead, we remand to avoid engaging in fact-finding "in the first instance" and to allow the ALJ to further develop the record so that we can conduct a meaningful judicial review in the event the case returns to us.") (citing Radford, 734 F.3d at 296).

In sum, the case must be remanded because, in evaluating whether plaintiff was disabled pursuant to Listing 1.04A, the ALJ failed to consider pertinent evidence of plaintiff's spinal condition and failed to explain on the record any reasons why such evidence was discounted or ignored, in violation of standards set forth in Radford and Monroe. 734 F.3d at 296; 826 F.3d at 189.

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court REJECTS the recommendation in the M&R, GRANTS plaintiff's motion for judgment on the pleadings, (DE 17), DENIES defendant's motion for judgment on the pleadings, (DE 21), and REMANDS this matter to defendant, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings in accordance with this order. The clerk is DIRECTED to close this case.

SO ORDERED this the 27th day of February, 2018.

LOUISE W. FLANAGAN
United States District Judge